IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DENNIS JONES, | ) |
| Petitioner, | ) ) ) |
| -vs- | ) ) Case No. CIV-20-758-F |
| LUKE PETTIGREW, Warden, | ) ) ) |
| Respondent. | ) ) |

# ORDER

On August 3, 2020, petitioner, Dennis Jones, a state prisoner appearing *pro se*, commenced this action seeking habeas relief pursuant to 28 U.S.C. § 2254. Mr. Jones claims Oklahoma lacked jurisdiction to prosecute his crimes based upon the Supreme Court's recent decision in McGirt v. Oklahoma, 140 S. Ct. 2452 (2020). According to petitioner, his crimes were "within Indian County, and under the Major Crimes Act." Doc. no. 1, p. 4. The court referred the matter to United States Magistrate Judge Suzanne Mitchell for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).

After preliminary review, Magistrate Judge Mitchell ordered respondent to file an answer, motion, or other response to the § 2254 petition. Respondent filed a motion to dismiss. Respondent argued the petition was an unauthorized second or successive § 2254 petition which the court lacked jurisdiction to consider. Although respondent acknowledged the court had discretion to transfer the petition to the Tenth Circuit Court of Appeals to receive the required authorization, respondent posited that dismissal was more appropriate because petitioner could not satisfy the statutory requirements of 28 U.S.C. § 2244(b)(2) and his petition was untimely under

28 U.S.C. § 2244(d)(1).  Petitioner did not respond to the motion within the time prescribed by Magistrate Judge Mitchell.

On January 7, 2021, Magistrate Judge Mitchell issued a Report and Recommendation, finding the § 2254 petition is an unauthorized second or successive § 2254 petition which the court lacks jurisdiction to address, but recommending the § 2254 petition be transferred to the Tenth Circuit for authorization under 28 U.S.C. § 2244(b)(3), rather than dismissed for lack of jurisdiction.

Respondent has objected in part to the Report and Recommendation.  Respondent contends the court should dismiss the § 2254 petition for lack of jurisdiction rather than transfer the matter to the Tenth Circuit.[1]  In accordance with 28 U.S.C. § 636(b)(1), the court has conducted a de novo review of the matter.  Having conducted that review, the court agrees the petition should be dismissed for lack of jurisdiction.

When faced with an unauthorized second or successive § 2254 petition, the court has two choices.  It may dismiss the petition for lack of jurisdiction, or if it is in the interest of justice, it may transfer the matter to the Tenth Circuit pursuant to 28 U.S.C. § 1631.  *See*, In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008).  "A transfer is not in the interest of justice when the claims raised in the successive petition clearly do not meet the requirements set forth in 28 U.S.C. § 2244(b)(2)."  Crawford

---

[1] Respondent does not object to Magistrate Judge Mitchell's determination that petitioner's § 2254 petition is an unauthorized second or successive § 2254 petition which the court lacks jurisdiction to address.  And petitioner has not filed any objection to the Report and Recommendation.  With no other objection being filed by either party, the court adopts Magistrate Judge Mitchell's determination without further analysis.  The court additionally adopts Magistrate Judge Mitchell's determination that Luke Pettigrew, the warden of the prison facility where petitioner is being held, is the proper respondent.

v. Milyard, 350 Fed. Appx. 240, 242 (10th Cir. 2009) (citing In re Cline, 531 F.3d at 1252) (unpublished decision cited as persuasive pursuant to 10th Cir. R. 32.1(A)).

The court finds that petitioner's claims clearly do not meet the requirements of 28 U.S.C. § 2244(b)(2).  First, the claims do not rely on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2244(b)(2)(A).  The Tenth Circuit recently denied a motion for authorization to file a second or successive § 2254 petition raising claims based upon McGirt, finding the decision did not establish a new rule of constitutional law, but even if it did, the Supreme Court did not explicitly make the rule retroactive to cases on collateral review.  *See*, doc. no. 17-1, In re Morgan, Case No. 20-6123 (10th Cir. Sept. 18, 2020), Order, p. 4 (unpublished decision cited as persuasive pursuant to 10th Cir. R. 32.1(A)).  Further, petitioner's claims are not based upon a "factual predicate" that "could not have been discovered previously through the exercise of due diligence."  28 U.S.C. § 2244(b)(2)(B)(i).

Because petitioner's claims clearly do not meet the requirements of § 2244(b)(2), the court concludes that it is not in the interest of justice to transfer this matter to the Tenth Circuit.  The court therefore declines to adopt Magistrate Judge Mitchell's Report and Recommendation to the extent it recommends transfer of this matter to the Tenth Circuit.  The court concludes that respondent's motion to dismiss should be granted and petitioner's unauthorized second or successive § 2254 petition should be dismissed for lack of jurisdiction.

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires the court to issue or deny a certificate of appealability when it enters a final order adverse to the petitioner.  When, as here, the court's adverse decision rests on procedural grounds, the court will not issue a certificate of appealability unless the petitioner shows: "[(1)] that jurists of reason would find it

debatable whether the petition states a valid claim of the denial of a constitutional right and [(2)] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The court, upon review, finds that petitioner cannot make this showing. Therefore, the court denies a certificate of appealability.

Accordingly, the Report and Recommendation (doc. no. 16) issued by United States Magistrate Judge Suzanne Mitchell is **ADOPTED** in part and **DECLINED** in part. Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus as Second or Successive (doc. no. 14) is **GRANTED**. The Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 (doc. no. 1) filed by petitioner, Dennis Jones, is **DISMISSED** for lack of jurisdiction. A certificate of appealability is **DENIED**.

IT IS SO ORDERED this 18th day of February, 2021.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

20-0758p002.docx